IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. OMAR CHAVEZ-GUTIERREZ

    Defendant.

___

# ORDER
___

This matter is before the Court on the Motion for Reduction of Sentence [Docket No. 602] filed by defendant Omar Chavez-Gutierrez.[1] On June 12, 2019, Mr. Chavez-Gutierrez pled guilty to one count of conspiring to violate federal drug laws in violation of 21 U.S.C. §§ 841 and 846. Docket No. 198 at 1; Docket No. 199 at 2. On January 17, 2020, the Court sentenced Mr. Chavez-Gutierrez to 120 months imprisonment. Docket No. 595 at 21:10-13; *see also* Docket No. 491 at 2. At sentencing, the Court found the total offense level to be 36 and determined Mr. Chavez-Gutierrez's Criminal History Category to be IV, which resulted in an imprisonment guideline range of 262 months to 327 months. Docket No. 595 at 16:11-14; *see also* Docket No. 492 at 1. Mr. Chavez-Gutierrez is currently incarcerated at Atwater USP, a United States penitentiary in California. *See* Federal Bureau of Prisons, *Inmate Locator*,

___

[1] Because Mr. Chavez-Gutierrez is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

https://www.bop.gov/inmateloc/.  Mr. Chavez-Gutierrez's projected release date is September 22, 2027.  *Id*.

On April 14, 2025, Mr. Chavez-Gutierrez filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket No. 602. On May 5, 2025, the government filed a response, arguing that Mr. Chavez-Gutierrez is not eligible for a sentence reduction under Amendment 821 because he was not a "zero-point offender" at the time of sentencing and that his sentencing guideline range is unaffected by Amendment 821.  Docket No. 605 at 3-5.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2).  A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Because Mr. Chavez-Gutierrez has five criminal history points, he does not qualify as a "zero-point offender" who would be eligible for a decrease of two offense levels. Docket No. 470 at 15, ¶ 75; *see also United States v. Espinoza*, No. 21-cr-00250-WJM, 2024 WL 4108576, at *1 (D. Colo. Sept. 6, 2024) ("Part B of Amendment

821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for 'Zero-Point Offenders.'").

Mr. Chavez-Gutierrez argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. Docket No. 602 at 4. Mr. Chavez-Gutierrez maintains that, pursuant to Amendment 821, he should be "almost at the low end" of Criminal History Category I, "which result[s] in a new term of 97 months." *Id*. Mr. Chavez-Gutierrez has a subtotal of five criminal history points. Docket No. 470 at 15, ¶ 73. Mr. Chavez-Gutierrez is not in Criminal History Category I, but rather in Criminal History Category IV. Docket No. 595 at 16:11-14; *see also* Docket No. 492 at 1. Mr. Chavez-Gutierrez further received two criminal history points for committing the offense while under a criminal justice sentence, resulting in a total criminal history score of seven. Docket No. 470 at 15, ¶¶ 74-75. However, Amendment 821 affected Mr. Chavez-Gutierrez's criminal history points because a defendant with six or fewer criminal history points – calculated before status points are added for committing the offense while under a criminal justice sentence – does not receive an enhancement. As a result, Mr. Chavez-Gutierrez's total criminal history points have changed from seven to five through the retroactive application of Amendment 821. Therefore, Mr. Chavez-Gutierrez is in Criminal History Category III through the retroactive application of Amendment 821. *See* Sentencing Table, U.S.S.G. ch. 5, pt. A (2018). The advisory guideline sentencing range for a person in Criminal History Category III with an offense level of 36 is 235 months to 293 months imprisonment. *See id.*

Mr. Chavez-Gutierrez was sentenced to 120 months imprisonment, which is below the advisory guideline range. Docket No. 595 at 21:10-13; *see also* Docket

No. 491 at 2.  Accordingly, the Court finds that Amendment 821 does not affect Mr. Chavez-Gutierrez's sentence, and he is not eligible for a reduction in his sentence.[2]

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Sentence [Docket No. 602] is **DENIED**.

DATED September 2, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Because the Court finds that Mr. Chavez-Gutierrez is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), it will not consider Mr. Chavez-Gutierrez's arguments regarding the calculation of a downward departure.  *See* Docket No. 602 at 3.